COPY

**CARMEN A. TRUTANICH**, City Attorney (SBN 86629x)
**GARY G. GEUSS**, Chief Assistant City Attorney
**CORY M. BRENTE**, Supervising Assistant City Attorney
**CHRISTIAN R. BOJORQUEZ**, Deputy City Attorney - **SBN 192872**
christian.bojorquez@lacity.org
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 978-6900, Fax No.: (213) 978-8785

FILED
CLERK, U.S. DISTRICT COURT

JAN - 4 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

Attorneys for Defendants **CITY OF LOS ANGELES and VICTOR JOHNSON**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CALVIN MILAM,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES; VICTOR JOHNSON; and DOES 1 through 30,<br><br>Defendants. | CASE NO. **CV13 - 00054 -DDP (CWx)**<br><br>(LASC Case No. BC 496542)<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 (a) and 1446 (a)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendants **CITY OF LOS ANGELES and VICTOR JOHNSON** hereby remove this action from the Superior Court for the State of California, County of Los Angeles to the United States District Court for the Central District of California.  The removal is made pursuant to 28 U.S.C. § 1446(a), on the facts set forth below:

1. The **CITY OF LOS ANGELES and VICTOR JOHNSON** are named defendants in this civil action filed in the Superior Court of the State of California, County of Los Angeles entitled *Robert Calvin Milam vs. City of Los Angeles, et al.,*

1

1    Superior Court Case No. BC496542.  Plaintiff filed his Complaint on November 30,

2    2012.  A true and correct copy of Plaintiff's Complaint is attached as Exhibit 1,

3    including the Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement

4    of Location, Notice of Case Assignment, ADR Information Package and various

5    Stipulations.

6        2.  This action meets the original jurisdiction requirements of 28 USC § 1441(a)

7    and is removable by Defendants pursuant to 28 USC § 1446(a).  A case is removable

8    from state to federal court if the action could have been originally commenced in federal

9    court.  28 USC § 1441(a); *Grubbs v. General Electric Credit Corp.*, 405 US 699, 702

10   (1972).  The propriety of removal is determined at the time the petition for removal is

11   filed by reference to the plaintiff's complaint filed in state court.  *La Chemise Lacoste v.*

12   *Alligator Co.,* 506 F.2d 339, 343-44 (3d Cir. 1974).  When the complaint states a claim

13   invoking the original jurisdiction of the federal court, the action is removable.  *Id.*  Under

14   the Judicial Code, federal district courts have original jurisdiction in the district courts

15   over all actions brought under 42 USC § 1983.  *See* 28 USC § 1343(a)(3).  Moreover, the

16   Code confers original jurisdiction in the district courts over all actions involving federal

17   questions.  *See* 28 USC § 1331.

18       3.  The gravamen of this action is the federal civil rights claims set forth in the

19   first and second causes of action of Plaintiff's Complaint.

20       4.  State claims are also asserted in the third through fifth causes of action of the

21   Complaint.  When an action originally filed in state court is removed to federal court, the

22   federal tribunal has jurisdiction to determine not only the federal claims but all pendent

23   state claims which derive "from a common nucleus of operative fact."  *United Mine*

24   *Workers v. Gibbs,* 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).

25       5.  Defendant City of Los Angeles ("City") was served with Plaintiff's

26   Complaint on December 5, 2012 and consents to this removal. Defendant Victor Johnson

27   was served with Plaintiff's Complaint on December 17, 2012 and also consents to this

28   removal. (See Declaration of Christian R. Bojorquez).

1     6. Further, other than those persons identified above and the persons identified

2  in the caption as "DOES 1 through 30," there are no other named defendants in this

3  lawsuit. Therefore, there are no other defendants who need to consent in order for this

4  case to be removed.

5     7. The Notice of Removal is filed with this Court within 30 days after Defendant

6  City of Los Angeles was served with the Complaint on December 5, 2012. (See

7  Declaration of Christian R. Bojorquez ).

8     8. The Notice of Removal is being filed in this Court and in the Superior Court

9  of the State of California, County of Los Angeles.

10

11     WHEREFORE, the above-entitled action, now pending in the Superior Court of

12  the State of California, County of Los Angeles, is removed to the United States District

13  Court for the Central District of California.

14

15  DATED: January 4, 2013     **CARMEN A. TRUTANICH**, City Attorney

16     **GARY G. GEUSS**, Chief Assistant City Attorney
     **CORY M. BRENTE**, Supervising Asst. City Attorney

17

18     By

19     **CHRISTIAN R. BOJORQUEZ**
     Deputy City Attorney

20     Attorneys for Defendants **CITY OF LOS ANGELES**
     **and VICTOR JOHNSON**

21

22

23

24

25

26

27

28

## DECLARATION OF CHRISTIAN R. BOJORQUEZ

I, CHRISTIAN R. BOJORQUEZ, do hereby declare that I have personal knowledge of the facts set forth herein and that if called as a witness in this case, I could and would competently testify as follows:

1. I am a Deputy City Attorney for the City of Los Angeles. In that capacity, I have been assigned to assist in representing Defendants CITY OF LOS ANGELES and VICTOR JOHNSON in the case of *Robert Calvin Milam vs. City of Los Angeles, et al.,* Superior Court Case No. BC496542, now pending in the Los Angeles Superior Court.

2. Attached as Exhibit 1 is a true and correct copy of Plaintiff's Complaint, including the Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, ADR Information Package and various Stipulations.

3. Defendant City of Los Angeles was served with Plaintiff's Complaint on December 5, 2012 and consents to this removal. Defendant Victor Johnson was served with Plaintiff's Complaint on December 17, 2012 and also consents to this removal. A true and correct copy of the Summonses for Defendants City of Los Angeles and Victor Johnson are attached as Exhibits 2 and 3, respectively.

4. Further, other than those persons identified above and the persons identified in the caption as "DOES 1 through 30," there are no other named defendants in this lawsuit. Therefore, there are no other defendants who need to consent in order for this case to be removed.

5. The Notice of Removal is filed with this Court within 30 days after Defendant City of Los Angeles was served with Plaintiff's Complaint on December 5, 2012.

/ / /

/ / /

/ / /

/ / /

/ / /

6.  This Notice of Removal is being filed in this Court and in the Los Angeles Superior Court.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on January 4, 2013, at Los Angeles, California

Christian R. Bojorquez, Declarant

COF.

## GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 625-1600
GERAGOS@GERAGOS.COM

MARK J. GERAGOS SBN 108325
SHELLEY KAUFMAN SBN 100696
Attorneys for Plaintiff ROBERT CALVIN MILAM

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 30 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

BC 4 9 6 5 4 2

| | |
|---|---|
| ROBERT CALVIN MILAM, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| vs. | 1. **VIOLATION OF CIVIL RIGHTS 42 U.S.C. §1983** |
| | 2. **VIOLATION OF CIVIL RIGHTS – MONELL CLAIM** |
| CITY OF LOS ANGELES; VICTOR JOHNSON; and DOES 1 through 30, | 3. **BATTERY** |
| Defendants. | 4. **VIOLATION OF CIVIL CODE §52.1** |
| | 5. **NEGLIGENCE** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Robert Calvin Milam alleges:

### INTRODUCTION

1.     On November 30, 2011, Plaintiff Robert Milam, a longtime City Service News editor and reporter, was falsely arrested and subjected to extreme and unnecessary force by the Los Angeles Police Department resulting in Plaintiff incurring severe injuries.

- 1 -
COMPLAINT

1  While present at an "Occupy Los Angeles" rally, Plaintiff observed Los Angeles police

2  officers, in full riot gear, begin to incite the crowd. As Plaintiff attempted to leave the area

3  where he had been observing, and as he announced his presence as a reporter and displayed

4  his press identification, the Los Angeles police officers threw Plaintiff to the ground, tackled

5  and handcuffed him brutally, and then dragged him to a police vehicle. Plaintiff was later

6  arrested for unlawful assembly and taken to jail where he was forced to stay until bail was

7  posted. In addition to the physical and economic injuries Plaintiff suffered, his civil and

8  constitutional rights were violated.

9

10                                      **THE PARTIES**

11      2.     Plaintiff Robert Calvin Milam, at all relevant times, was a resident of Los

12  Angeles County, California.

13      3.     Defendant Los Angeles Police Department, Officer Victor Johnson

14  ("Johnson"), at all relevant times, was a police officer employed by the City of Los Angeles

15  acting under color of authority.

16      4.     At all times herein mentioned, the City of Los Angeles was a governmental

17  entity organized and existing under the laws of the State of California.

18      5.     Plaintiff is unaware of the true names and capacities of the Defendants named

19  herein as DOES 1 through 25, inclusive, and therefore sues said Defendants by such fictitious

20  names. Plaintiff will seek leave of court to amend this complaint to allege true names and

21  capacities of said Defendants when the same are ascertained. Plaintiff is informed and

22  believes and thereon alleges that each of the aforesaid factiously names Defendants are

23  responsible in some manner for the happenings and occurrences hereinafter alleged, and the

24  Plaintiff's damages and injuries as herein alleged were caused by the conduct of said

25  Defendants.

26  / / /

27  / / /

28

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court.  Jurisdiction is conferred upon this court by Section 1983, of Title 42, United States Code.  Concurrent jurisdiction was granted to this court under *Williams vs. Horvath* (1976) 16 Cal.3d 834, 837.  Also, this Court has jurisdiction to award damages pursuant to Article VI Section 10 of the California Constitution   .

## FACTUAL BACKGROUND

7.     On November 29, 2011, Plaintiff attended a rally for "Occupy Los Angeles" at City Hall South, Los Angeles, California.  Plaintiff was exercising his First Amendment rights, freedom of assembly and freedom of the press, as he was acting in his capacity as a journalist.  Plaintiff is a known journalist and long-term employee of City News Service Inc.  Shortly after midnight, on November 30, 2011, Los Angeles police officers started making attempts to disband the protest and eject protestors from the City Hall property.  At some point, the Los Angeles police officers, in full riot gear, began to restrict the egress of those exercising their First Amendment rights and blocked access to leave the premises.  As tension mounted by the Los Angeles police officers, Plaintiff attempted to exit the blocked area.  As he identified himself as a member of the press, and displayed his press identification, the police officers violently slammed Plaintiff to the ground, handcuffed him so tightly as to cause slashes to his wrists, and dragged him to the police vehicle.  The arrest information identifies Los Angeles Police Officer Johnson as the arresting officer, asserting a violation of Penal Code section 409, unlawful assembly.  Bail was set at $5,000.00, which Plaintiff was required to post before being released from custody.  Prior to Plaintiff being thrown to the ground and beaten, no unlawful assembly had been declared.

/ / /

/ / /

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
Los Angeles, California 90017-3411

Exhibit 1, Page 8

8.    Plaintiff was ordered to return on January 6, 2012 for the stated violation of Penal Code §409, a misdemeanor.  Ultimately however, no charges were filed against Plaintiff.

9.    On May 29, 2012, Plaintiff filed a timely Claim for Damages.  That claim having been rejected with in the last six months, this action is timely.

### FIRST CAUSE OF ACTION
### (Violation of Civil Rights 42 U.S.C. §1983)
### Plaintiff against Defendant Johnson and Does 1-20

10.    Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

11.    At all times material to this Complaint, Defendants were acting under color of the law in violating Plaintiff's constitutional rights as herein alleged under the First, Fourth and Fourteenth Amendments to the Constitution of the United States.  The First, Fourth and Fourteenth Amendments are made applicable to the States pursuant to 42 U.S.C. §1983.

12.    Plaintiff has a constitutional right to be free from the use of excessive force by law enforcement officers.  Officers Does 1-15 caused injuries with the use of force against Plaintiff's person which was unnecessary, excessive or unreasonable, and thereby deprived Plaintiff of rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States.  On information and belief, Plaintiff asserts that Defendant Johnson was one of the officers engaged in the excessive use of force.

13.    Plaintiff has a constitutional right to be free from an unreasonable seizure of his person, made without probable.  Defendants Johnson and Does 1-20 deprived Plaintiff of rights, privileges, and immunities secured to him by the Fourth and/ or Fourteenth Amendments to the Constitution of the United States by, *inter alia,* subjecting Plaintiff to an unlawful search and seizure of his person, causing him to be arrested for a violation of Penal Code §409 without justification or cause, and seeking that filing of criminal charges against him.

14.    Plaintiff has a constitutional right to freedom of assembly, and freedom of the press, as secured by the First Amendment to the United States Constitution.  Defendants Johnson and Does 1-20 deprived Plaintiff of rights, privileges, and immunities secured to him by the First Amendment by preventing Plaintiff, a member of the press, to cover the dramatic events of Occupy Los Angeles, and to prevent him from the lawful right of assembly on City Hall property.

15.    Due to the conduct of Defendants, and each of them, Plaintiff has suffered general damages and special damages, all in a sum to be proved at trial.

16.    Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

17.    The individual defendants acted with a conscious disregard of Plaintiff's rights conferred upon him by Section 1983, Title 42 of the United States Code, the First, Fourth and Fourteenth Amendments to the United States Constitution and California Civil Code Section 3333, by intentional causing him injury and arresting him without probable cause. Defendants, and each of them, had an interest in seeing Plaintiff charged with criminal conduct to detract from Defendant Johnson and Does 1-15's excessive force, and other unlawful conduct.  Such conduct constitutes malice, oppression and/or fraud under California Civil Code Section 3294, entitling Plaintiff to punitive damages against the individual Defendants in an amount suitable to punish and set an example of said Defendants.

///

///

## SECOND CAUSE OF ACTION

### (Violation of Civil Rights- *Monell* Claim)

### Plaintiff against the City of Los Angeles and Does 21 through 30

18.   Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

19.   Defendants, City of Los Angeles and Does 21 through 30, knowingly, with gross negligence, and in deliberate indifference to the Constitutional rights of citizens, maintain and permit an official policy and custom of permitting the occurrence of the types of wrongs set forth hereinabove and hereafter.

20.   These policies and customs include, but are not limited to, the deliberately indifferent training of its law enforcement officers in the use of excessive force and in making lawful arrests.  These policies and customs also include the express and/or tacit encouragement of excessive force and arrests without probable cause, the ratification of police misconduct and the failure to conduct adequate investigations of police misconduct such that future violations do not occur.

21.   These polices and customs also include the preclusion of the right of reporters, such as Plaintiff,  to cover events at City Hall property, and the right to freely assembly on City Hall property, and to be free from unlawful arrest and force upon his person.

22.   Plaintiff is informed and believes, and thereon alleges, that the customs and policies were the moving force behind the violations of Plaintiff's rights.  Based upon the principles set forth in *Monell v. New York City Dept. of Social Services*, the City of Los Angeles and Does 21 through 30 are liable for all of the injuries sustained by Plaintiff as set forth above.

23.   In acting as alleged herein, Defendants, and each of them, caused Plaintiff general and special damages, in an amount to be determined at the time of trial.

24.   Due to the conduct of Defendants, and each of them, Plaintiff  has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

- 6 -
COMPLAINT

Exhibit 1, Page 11

### THIRD CAUSE OF ACTION

### (Battery)

### Plaintiff against all Defendants

25.    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

26.    Defendants, and each of them, used force on Plaintiff, struck and battered his person to cause him extreme and severe injuries. The conduct of Defendants was unwanted and unnecessary.

27.    The City is liable for the acts, omissions and conduct of its employees pursuant to California Government Code §815.2.

28.    As a direct cause of Defendants, and each of their tortious conduct, Plaintiff sustained general and special damages, in an amount to be proved at the time of trial.

29.    The individual defendants' conduct was done so with a conscious disregard of Plaintiff's rights and safety, constituting malice, oppression and/or fraud under California Civil Code Section 3294, entitling Plaintiff to punitive damages against Defendant Johnson, and the individual doe defendants, in an amount suitable to punish and set an example of said Defendants.

### FOURTH CAUSE OF ACTION

### (Violation of Civil Code §52.1)

### Plaintiff against all Defendants

30.    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

31.    The conduct of Defendants constituted interference by threats, intimidation, or coercion, or attempted interference, with the exercise of enjoyment by Plaintiff's rights secured by the Constitution of laws of the United States, or secured by the Constitution or laws of the State of California, including interference with their right to be secure in his person and free from the use of excessive force under the Fourth Amendment and Cal.

Exhibit 1, Page 12

1   Const. Art. 1 sec. 13 as well as Cal. Civ. Code §43, and the right of protection from bodily

2   restraint and harm, along with the right to freedom of press and freedom of assembly

3   established by the First Amendment to the Constitution of the United States.

4       32.   As a direct cause of Defendants' conduct, Plaintiff's rights pursuant to

5   California Civil Code §52.1 were violated, causing injuries and damages in an amount to be

6   proved at the time of trial.

7       33.   The City is liable for the acts, omissions and conduct of its employees pursuant

8   to California Government Code §815.2.

9       · 34.   Due to the conduct of Defendants, and each of them, Plaintiff has been

10   required to incur attorneys' fees and will continue to incur attorneys' fees.  Pursuant to

11   California Civil Code § 52.1, Plaintiff is entitled to recover said fees.

12

13                       **FIFTH CAUSE OF ACTION**

14                             **(Negligence)**

15                 **Plaintiff against all Defendants**

16       35.   Plaintiff realleges and incorporates by reference the allegations contained in the

17   preceding paragraphs of this complaint, as though fully set forth herein.

18       36.   Defendants owed Plaintiff a duty of care to not injure Plaintiff in the course of an

19   arrest, or during a rally at Los Angeles City Hall.

20       37.   Defendants breached that duty of care when they negligently manipulated

21   Plaintiff, handcuffed him so tightly as to cause cut marks on his wrists, whereby Plaintiff

22   sustained severe and extreme injuries.

23       38.   In conducting themselves in the manner set forth herein above, Defendants have

24   caused Plaintiff to sustain injuries and damages in an amount to be proved at the time of trial.

25       39.   The City is liable for the acts, omissions and conduct of its employees pursuant

26   to California Government Code §815.2.

27

28

COMPLAINT

Exhibit 1, Page 13

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general damages in an amount to be determined by proof at trial;

2. For special damages in an amount to be determined by proof at trial;

3. For punitive and exemplary damages against the individual defendants for the First and Third Causes of Action;

4. For costs of suit;

5. For reasonable attorneys' fees and costs as provided by statute; and

6. For such other and further relief as the Court deems just and proper.

DATED: November 30, 2012

GERAGOS & GERAGOS, APC

By: _____
SHELLEY KAUFMAN
Attorney for Plaintiff
ROBERT CALVIN MILAM

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1    DEMAND FOR JURY TRIAL

2    Plaintiff Robert Calvin Milam hereby demands a jury trial.

3

4    DATED: November 30, 2012                    GERAGOS & GERAGOS, APC

5

6    By: _____
                                          SHELLEY KAUFMAN
7                                         Attorneys for Plaintiff
                                          ROBERT CALVIN MILAM

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

- 10 -
COMPLAINT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number:

**BC 4 9 6 5 4 2**

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Michael P. Linfield | 10 | 631 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deidre Hill | 49 | 509 | |
| Hon. Terry A. Green | 14 | 300 | Hon. John L. Segal | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 | X |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Ramona Seo | 69 | 621 | |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Daniel Buckley | 35 | 411 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. William F. Fahey | 78 | 730 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Emilie H. Elias | 324 | CCW | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Hon. Elihu M. Berle | 323 | CCW | |
| Hon. Ronald M. Sohigian | 41 | 417 | other | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | |
| Hon. Fredrick C. Shaller | 46 | 601 | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –

UNLIMITED CIVIL CASE

Page 1 of 2

Exhibit 1, Page 16

COPY

| SHORT TITLE: Milam v. City of Los Angeles, et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL __5__ ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps -- if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A. Civil Case Cover Sheet Category No. | B. Type of Action (Check only one) | C. Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☑ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

Exhibit 1, Page 17

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| | Milam v. City of Los Angeles, et al. | |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☒ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Exhibit 1, Page 18

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| | Milam v. City of Los Angeles, et al. | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Exhibit 1, Page 19

| SHORT TITLE: Milam v. City of Los Angeles, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>111 North Hill Street, Los Angeles, California 90012 |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90012 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ____Stanley Mosk____ courthouse in the ____Central____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __November 30, 2012__

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 4 of 4

Exhibit 1, Page 20

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Mark J. Geragos SBN 108325<br>GERAGOS & GERAGOS, APC<br>644 South Figueroa Street<br>Los Angeles, California 90017<br>TELEPHONE NO.: 213-625-3900          FAX NO.: 213-625-1600<br>ATTORNEY FOR *(Name):* Plaintiff Robert Calvin Milam | FOR COURT USE ONLY<br>**CONFORMED COPY<br>OF ORIGINAL FILED**<br>Los Angeles Superior Court<br><br>NOV 3 ^ 2012<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>SHAUNYA WESLEY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

| CASE NAME:<br>Milam v. City of Los Angeles, et al. | |
|---|---|
| **CIVIL CASE COVER SHEET** [✓] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | **Complex Case Designation**<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>**BC496542**<br><br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [✓] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):*  5 (five)
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 30, 2012

Mark J. Geragos
_____          _____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

Exhibit 1, Page 21

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (not asbestos or
toxic/environmental) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (not civil
harassment) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(not medical or legal)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (not unlawful detainer
or wrongful eviction)
Contract/Warranty Breach–Seller
Plaintiff (not fraud or negligence)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (not provisionally
complex) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (not eminent
domain, landlord/tenant, or
foreclosure)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(arising from provisionally complex
case type listed above) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (non-
domestic relations)
Sister State Judgment
Administrative Agency Award
(not unpaid taxes)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified
above) (42)
Declaratory Relief Only
Injunctive Relief Only (non-
harassment)
Mechanics Lien
Other Commercial Complaint
Case (non-tort/non-complex)
Other Civil Complaint
(non-tort/non-complex)
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (not specified
above) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]                                 **CIVIL CASE COVER SHEET**                                 Page 2 of 2

Exhibit 1, Page 22

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 2 of 2

Exhibit 1, Page 23

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.
>
> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.
>
> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.
>
> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 01-12)      **ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**      Cal. Rules of Court, rule 3.221
LASC Adopted 10-03                                                      Page 1 of 2
For Mandatory Use

Exhibit 1, Page 24

## COURT ADR PROGRAMS

CIVIL:
- Arbitration (non-binding) (Code Civ. Proc. §§ 1141.10-1141.31, Cal. Rules of Court, rules 3.810-3.830, and Local Rules, rule 3.252 et seq.)
- Mediation (Code Civ. Proc. §§ 1775-1775.15, Cal. Rules of Court, rules 3.850-3.860, 3.865-3.872 and 3.890-3.898, Evid. Code §§ 1115-1128, and Local Rules, rule 3.252 et seq.)
  - o Civil Harassment Mediation
  - o Eminent Domain Mediation (Code Civ. Proc. §1250.420)
  - o Small Claims Mediation
- Neutral Evaluation (Local Rules, rule 3.252 et seq.)
- Settlement Conference
  - o Voluntary Settlement Conference (Local Rules, rule 3.252 et seq.)
  - o Retired Judge Settlement Conference

FAMILY (non-custody):
- Arbitration (non-binding) (Fam. Code § 2554 and Local Rules, rule 5.18)
- Mediation (Local Rules, rule 5.18)
- Settlement Conference
  - o Forensic Certified Public Accountant (CPA)
  - o Spanish Speaking Settlement Conference

PROBATE:
- Mediation
- Settlement Conference

### NEUTRAL SELECTION

Parties may select an arbitrator, mediator, or evaluator from the Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Panel, the ADR staff will assign on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

Party Select Panel — The Party Select Panel consists of arbitrators, mediators, and evaluators who have achieved a specified level of experience in court-annexed cases. The parties (collectively) are charged $150.00 per hour for the first three hours of hearing time. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral.

Random Select Panel — The Random Select Panel consists of trained arbitrators, mediators, evaluators, and settlement officers who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that Random Select Panel neutrals provide three hours hearing time per case on a pro bono basis. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral.

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case is filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | 1st FL | Lancaster, CA 93534 | 661-974-7275 | 661-945-6173 | AntelopeADR@lasuperiorcourt.org |
| Chatsworth | 9425 Penfield Ave. | 3100 | Chatsworth, CA 91311 | 818-576-8585 | 818-576-8733 | ChatsworthADR@lasuperiorcourt.org |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | 310-603-3072 | 310-223-0337 | ComptonADR@lasuperiorcourt.org |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | 818-500-3160 | 818-545-5470 | GlendaleADR@lasuperiorcourt.org |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | 562-491-6272 | 562-437-3802 | LongBeachADR@lasuperiorcourt.org |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | 562-807-7243 | 562-462-0019 | NorwalkADR@lasuperiorcourt.org |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | 626-356-5685 | 626-356-1774 | PasadenaADR@lasuperiorcourt.org |
| Pomona | 400 Civic Center Plaza | 108 | Pomona, CA 91766 | 909-620-3183 | 909-629-6283 | PomonaADR@lasuperiorcourt.org |
| San Pedro | 505 S. Centre St. | 209 | San Pedro, CA 90731 | 310-519-6151 | 310-514-0314 | SanPedroADR@lasuperiorcourt.org |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | 310-260-1829 | 310-319-6130 | SantaMonicaADR@lasuperiorcourt.org |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | 213-974-5425 | 213-633-5115 | CentralADR@lasuperiorcourt.org |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | 310-222-1701 | 310-782-7326 | TorranceADR@lasuperiorcourt.org |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | 818-374-2337 | 818-902-2440 | VanNuysADR@lasuperiorcourt.org |

Exhibit 1, Page 25

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK                    ALTERNATIVE DISPUTE RESOLUTION (ADR) DEPARTMENT

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act (DRPA) to provide information about the availability of local dispute resolution programs funded under DRPA. For more information regarding these programs, contact the Los Angeles County Department of Community and Senior Services Contracts Administration Office at 213-738-2621. The following is a list of the local dispute resolution programs funded in Los Angeles County.

Superior Court of California, County of Los Angeles, ADR Office 213-974-5425
www.lasuperiorcourt.org/ADR

---

**STAFF AND VOLUNTEERS OF THE FOLLOWING AGENCIES ARE NOT EMPLOYEES OF THE SUPERIOR COURT:**

Asian-Pacific American Dispute Resolution Center 213-250-8190 www.apadrc.org

California Academy of Mediation Professionals 818-377-7250 www.campmediation.org

California Lawyers for the Arts, Arbitration, and Mediation Service 310-998-5590
www.calawyersforthearts.org

Center for Civic Mediation 877-473-7658 213-896-6533 www.centerforcivicmediation.org

Center for Conflict Resolution 818-705-1090 www.ccr4peace.org

Centinela Youth Services, City of Hawthorne 310-970-7702 www.cys.la.org

Inland Valleys Justice Center 877-832-9325 www.ivjc.org

Korean American Coalition 4.29 Dispute Resolution Center 213-365-5999 www.kacla.org

Los Angeles County Department of Consumer Affairs, Dispute Settlement Services 213-974-0825
www.dca.lacounty.gov

Loyola Law School, The Center for Conflict Resolution 213-736-1145 www.lls.edu/ccr

Norwalk Dispute Resolution Program 562-929-5603 www.ci.norwalk.ca.us/socialservices2.asp

Office of the Los Angeles City Attorney, Dispute Resolution Program 213-485-8324
www.atty.lacity.org/mediate

---

**THE PROGRAMS LISTED ABOVE DO NOT OFFER LEGAL ADVICE OR HELP YOU RESPOND TO A SUMMONS; HOWEVER, THEY MAY ASSIST IN RESOLVING YOUR PROBLEM THROUGH MEDIATION.**

---

LAADR 007 (Rev. 01-12)
LASC Adopted 07-04
For Mandatory Use

DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS          Cal. Rules of Court, rule 3.221
                                                          Page 1 of 1
Exhibit 1, Page 26

| NAME, ADDRESS, TELEPHONE, FAX, and E-MAIL: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties in the above-titled action stipulate to participate in the Alternative Dispute Resolution (ADR) process checked below:

☐ Mediation      ☐ Neutral Evaluation

☐ Arbitration (non-binding)      ☐ Settlement Conference

☐ Arbitration (binding)      ☐ Other ADR Process (describe): _____

| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|---|
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff ☐ Cross-complainant<br>☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Number of additional pages attached to this document: _____.

LAADR 001 (Rev. 04-12)
LASC Approved 10-04
For Optional Use

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 1

Exhibit 1, Page 27

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

Exhibit 1, Page 28

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | |
|---|---|
| COURTHOUSE ADDRESS: | |
| PLAINTIFF: | |
| DEFENDANT: | |

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
            (INSERT DATE)                        (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        >_____
        (TYPE OR PRINT NAME)                (ATTORNEY FOR PLAINTIFF)

Date:

_____        >_____
        (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)

Date:

_____        >_____
        (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)

Date:

_____        >_____
        (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)

Date:

_____        >_____
        (TYPE OR PRINT NAME)                (ATTORNEY FOR _____)

Date:

_____        >_____
        (TYPE OR PRINT NAME)                (ATTORNEY FOR _____)

                                                  >_____
        (TYPE OR PRINT NAME)                (ATTORNEY FOR _____)

Exhibit 1, Page 30

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:     FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii.  Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i.   Also be filed on the approved form (copy attached);

      ii.  Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)
LASC Approved 04/11

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

Exhibit 1, Page 31

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

---

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

### The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Exhibit 1, Page 33

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)<br>LASC Approved 04/11<br>**INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties)

Exhibit 1, Page 34

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

Exhibit 1, Page 35

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

Exhibit 1, Page 36

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):* CITY OF LOS ANGELES; VICTOR JOHNSON; and DOES 1 through 30, | *FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE)* 104815<br>CONFORMED COPY OF ORIGINAL FILED Los Angeles Superior Court<br>NOV 30 2012<br>John A. Clarke, Executive Officer/Clerk<br>By SHAUNNA WESLEY, Deputy |

**YOU ARE BEING SUED BY PLAINTIFF:** *(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERT CALVIN MILAM,

REFERRED TO CITY ATTORNEY FOR DISPOSITION DEC - 6 2012

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE! The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Central District<br>Stanley Mosk Courthouse, 111 North Hill Street Los Angeles, California 90012 | **CASE NUMBER:** *(Número del Caso):* BC 4 9 6 5 4 2 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark J. Geragos, GERAGOS & GERAGOS, APC 644 Figueroa St., Los Angeles CA 90017 (213)625-3900

| | | |
|---|---|---|
| DATE: *(Fecha)* NOV 30 2012 | Clerk, by *(Secretario)* JOHN A. CLARKE | , Deputy *(Adjunto)* Shaunna Wesley |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* CITY OF LOS ANGELES

   under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)
          [X] other *(specify):* Government Entity
4. [X] by personal delivery on *(date):* 12-5-12

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

Exhibit 2, Page 37

COPY

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITY OF LOS ANGELES; VICTOR JOHNSON; and DOES 1 through 30,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERT CALVIN MILAM,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 30 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Central District

Stanley Mosk Courthouse, 111 North Hill Street Los Angeles, California 90012

CASE NUMBER:
*(Número de Caso):* BC496542

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark J. Geragos, GERAGOS & GERAGOS, APC 644 S. Figueroa St., Los Angeles CA 90017 (213)625-3900

DATE: NOV 30 2012                    Clerk, by _____ JOHN A. CLARKE, Deputy
*(Fecha)*                            *(Secretario)* SHAUNYA WESLEY *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☑ other *(specify):* Government Entity
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit 3, Page 38

PROOF OF SERVICE

I, RUTH PARKHURST, declare as follows:

At the time of service I was over 18 years of age and not a party to this action.  My business address is 200 N. Main Street, 600 City Hall East, Los Angeles, CA  90012, which is in the County, City and State where this mailing occurred.

On January 4, 2013 I served the document(s) described as:

**NOTICE OF REMOVAL OF ACTION**
**UNDER 28 U.S.C. §§ 1441 (a) and 1446 (a)**

on all interested parties in this action:

Counsel for Plaintiff ROBERT CALVIN MILAM:

Mark J. Geragos; Shelley Kaufman
GERAGOS & GERAGOS, APC
644 South Figueroa Street
Los Angeles, CA 90017-3411
Tel: (213) 625-3900
Fax: (213) 625-1600
GERAGOS@GERAGOS.COM

I served a true copy of the document(s) above by:

[ ]  Personally delivering it to the person(s) indicated below in the manner provided in FRCivP 5(b).

[X]  Depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the address(es) above.

Executed on January 4, 2013, at Los Angeles, California.

[ ]  I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

[X]  I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[X]  I hereby certify under the penalty of perjury that the foregoing is true and correct.

RUTH PARKHURST

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV13- 54 DDP (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS   (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ROBERT CALVIN MILAM, Plaintiff | CITY OF LOS ANGELES; VICTOR JOHNSON; and DOES 1 through 30 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Mark J. Geragos; Shelley Kaufman<br>GERAGOS & GERAGOS, APC<br>644 South Figueroa Street<br>Los Angeles, CA 90017-3411<br>Tel: (213) 625-3900 Fax: (213) 625-1600<br>GERAGOS@GERAGOS.COM | Carmen A. Trutanich, City Attorney<br>Gary G. Geuss, Chief Assistant City Attorney<br>Cory M. Brente,Supervising Assistant City Attorney<br>Christian R. Bojorquez, Deputy City Attorney<br>200 N. Main Street, 600 CHE, Los Angeles, CA 90012<br>Tel: (213) 978-6900; Fax: (213) 978-8785 |

**II.  BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V.  REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No      ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI.  CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §§ 1441(a) and 1446 (a)

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE/ PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☒ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number: _____ **CV13-00054**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a).   IDENTICAL CASES:  Has this action been previously filed in this court and dismissed, remanded or closed? [X] No   [ ] Yes

If yes, list case number(s):

VIII(b).   RELATED CASES:  Have any cases been previously filed in this court that are related to the present case? [X] No   [ ] Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)      [ ]   A.  Arise from the same or closely related transactions, happenings, or events; or

[ ]   B.  Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX.  VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date  January 4, 2013

Christian R. Bojorquez, Deputy City Atty.

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

PROOF OF SERVICE

I, RUTH PARKHURST, declare as follows:

At the time of service I was over 18 years of age and not a party to this action. My business address is 200 N. Main Street, 600 City Hall East, Los Angeles, CA 90012, which is in the County, City and State where this mailing occurred.

On January 4, 2013 I served the document(s) described as:

**CIVIL COVER SHEET**

on all interested parties in this action:

Counsel for Plaintiff ROBERT CALVIN MILAM:

Mark J. Geragos; Shelley Kaufman
GERAGOS & GERAGOS, APC
644 South Figueroa Street
Los Angeles, CA 90017-3411
Tel: (213) 625-3900
Fax: (213) 625-1600
GERAGOS@GERAGOS.COM

I served a true copy of the document(s) above by:

[ ] Personally delivering it to the person(s) indicated below in the manner provided in FRCivP 5(b).

[X] Depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the address(es) above.

Executed on January 4, 2013, at Los Angeles, California.

[ ] I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

[X] I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[X] I hereby certify under the penalty of perjury that the foregoing is true and correct.

RUTH PARKHURST